13-608-cv
Sipajlo v. NYU Hospitals Center

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand fourteen.

Present:
CHESTER J. STRAUB,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
*Circuit Judges,*

_____

Jiri C. Sipajlo, Victoria Sipajlo,

      *Plaintiffs-Appellants*,

      v.                        No. 13-608-cv

NYU Hospitals Center, *et al.*,

      *Defendants-Appellees.*

_____

FOR APPELLANTS:      Paul W. Siegert, New York, NY.

FOR APPELLEES:      Ricki E. Roer and William F. Cusack, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Jiri C. Sipajlo and Victoria Sipajlo appeal from the district court's judgment granting summary judgment in favor of the defendants in the plaintiffs' action to enforce the rights of Jiri C. Sipajlo ("Sipajlo") under the terms of the NYU Hospitals Center Retirement Plan (the "Plan"), an employee retirement plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The plaintiffs argue that the Plan Administrator lacked the discretionary authority to deny Sipajlo's request to change his beneficiary under the Plan and that, even if the Plan Administrator had such authority, the denial of Sipajlo's change of beneficiary request was arbitrary and capricious. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specific issues on appeal.

"In an ERISA action, we review the district court's grant of summary judgment based on the administrative record *de novo* and apply the same legal standard as the district court." *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009). Where "the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan," we "seek[ ] to determine only whether the administrator's decision was 'arbitrary and capricious.'" *Miles v. Principal Life Ins. Co.*, 720 F.3d 472, 485 (2d Cir. 2013). "A decision is arbitrary and capricious only if it is found to be without reason, unsupported

by substantial evidence or erroneous as a matter of law." *Id.* at 486 (internal quotation marks omitted).

Here, for substantially the same reasons as those stated in the district court's January 29, 2013 decision, we hold that the Plan Administrator's decision to deny Sipajlo's change of beneficiary request was not arbitrary and capricious, *see Sipajlo v. NYU Hospitals Ctr.*, No. 11 Civ. 9387(CM), 2013 WL 390958 (S.D.N.Y. Jan. 29, 2013), and we affirm the district court's decision to that effect. Contrary to the plaintiffs' argument, in denying Sipajlo's change of beneficiary request, the Plan Administrator was plainly exercising her delegated authority to construe the terms of the Plan. Additionally, the Plan Administrator reasonably construed the Plan to preclude participants from changing their designated beneficiaries after the commencement of pension payments, since, among other reasons, the amount of monthly annuity payments under the Plan are set based in part on the age of the beneficiary at the time payments commence.

We have considered the plaintiffs' remaining arguments on appeal and find them to be without merit. Accordingly, the district court's judgment is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3